UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cory Soderberg, Adam Klym, Joe Jadoonath, Nathan Ostlund and Ryan Rud, on behalf of themselves and all other individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Naturescape, Inc.<br><br>Defendant. | Court File No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiffs bring this collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly-situated individuals ("opt-in class members") against Defendant for failure to pay adequate overtime wages in violation of § 207 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("the FLSA"). Plaintiffs seek permanent injunctive relief and damages for themselves and all opt-in class members.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiffs' claims pursuant to the FLSA [29 U.S.C. § 216(b)], 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because Defendant transacts business in this district, Plaintiffs were employed by Defendant in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiffs are former employees of Defendant who worked as either "Branch Managers" or "Lawn Specialists" in the past 3 years. They bring this action on behalf of

SCANNED
AUG 12 2010
U.S. DISTRICT COURT MPLS

themselves and the opt-in class members.

5. Individual Plaintiff and class representative Cory Soderberg ("Soderberg") is a resident of the State of Minnesota. He was employed by Defendant as a Lawn Specialist and as a Branch Manager from April 2006 until August 2009.

6. Individual Plaintiff and class representative Adam Klym ("Klym") is a resident of the State of Minnesota. He was employed by Defendant as a Lawn Specialist from March 2006 until August 2008.

7. Individual Plaintiff and class representative Joe Jadoonath ("Jadoonath") is a resident of the State of Minnesota. He was employed by Defendant as a Lawn Specialist from March 2008 until March 2010.

8. Individual Plaintiff and class representative Nathan Ostlund ("Ostlund") is a resident of the State of Minnesota. He was employed by Defendant as a Lawn Specialist from March 2005 until March 2008.

9. Individual Plaintiff and class representative Ryan Rud ("Rud") is a resident of the State of Minnesota. He was employed by Defendant as a Lawn Specialist from February 2008 until October 2008.

10. Defendant classified Branch Managers (such as Soderberg) and Lawn Specialists (such as Soderberg, Klym, Jadoonath, Ostlund, and Rud) as salaried non-exempt employees who were eligible for overtime compensation for time they worked in excess of 40 hours per week.

11. The opt-in class members consist of individuals who are or were salaried non-exempt employees of Defendant, referred to as "Branch Managers" or "Lawn Specialists," who earned but did not receive adequate overtime compensation for time they worked in excess of 40 hours per week.

12. At all times relevant hereto Plaintiffs and the opt-in class members were each an "employee" of Defendant as that term is defined by 29 U.S.C. § 203(e)

13. At all times relevant hereto, Defendant was an "employer" as that term is defined by 29 U.S.C. § 203(d).

14. Defendant is a foreign corporation engaged in the lawn care service industry. It is based in Milwaukee, Wisconsin, and operates from approximately twenty locations in Minnesota, Wisconsin, Iowa, Illinois, Indiana and Kentucky. At all times relevant, Defendant was engaged in interstate commerce and its employees regularly handled and worked on goods such as fertilizer, grass seed, chemicals, and equipment which had moved in interstate commerce. Defendant's annual revenue is between $7,000,000.00 and $10,000,000.00 per year.

## FACTS

15. Defendant hired Plaintiffs and the opt-in class members.

16. Although Defendant referred to Plaintiffs and the opt-in class members variously as "Branch Manager" or "Lawn Specialist," there was no difference between the actual duties Plaintiffs and the opt-in class members performed for Defendant. Each of the Plaintiffs and the opt-in class members spent more than eighty per-cent of their time performing manual labor such as applying law chemicals, mowing lawns, trimming shrubs, pest control, and installing landscaping materials. Job titles notwithstanding, Plaintiffs and the opt-in class members did not customarily and regularly supervise two or more employees; all of them were non-exempt laborers under the FLSA and they were all entitled to receive traditional overtime (time-and-a-half per overtime hour) when they worked more than 40 hours in any given week.

17. Defendant paid none of the Plaintiffs or opt-in class members on a non-exempt "salary basis" within the meaning of the FLSA regulations (29 C.F.R. § 541.602).

18. Defendant's written policies required all Plaintiffs and opt-in class members to track each and every hour worked, to complete time sheets daily, and to include time deductions for any lunch break or other break from work. Thus, Defendant's policy docked pay from Plaintiffs and the opt-in class members for partial day absences, full-day absences, or partial work week absences. According to these policies, all Plaintiffs and opt-in class members were required to work 1,960 hours in the first 52-week period of employment, and 1,920 hours in each subsequent 52-week period of employment.

19. Each of the Plaintiffs and opt-in class members performed manual labor in excess of 40 hours per week on numerous and various weeks throughout their employment with Defendant.

20. Instead of paying Plaintiffs and the opt-in class members traditional overtime based on hours worked in excess of 40 hours on a weekly basis, Defendant sought to avail itself of the "Fluctuating Workweek Method" ("FWM") provisions of 29 C.F.R. § 778.114, and to pay Plaintiffs and the opt-in class members in accordance therewith (as non-exempt salaried employees). As further detailed below, the payroll practices of Defendant failed to comply with the requirements of the FWM; thus, Defendant is not entitled to avoid liability for its failure to pay Plaintiffs and the opt-in class members the traditional overtime to which they were entitled.

21. A copy of Defendant's payroll policy that applied uniformly to Plaintiffs and the opt-in class members is attached hereto as **Exhibit A**.

22. Instead of paying traditional overtime, Defendant paid Plaintiffs and opt-in class members only one-half their regular rate of pay for each hour worked in excess of 40 hours per week; then, Defendant "banked" an additional one-half of their regular rate of pay to be paid out

to Plaintiffs and opt-in class members at a later date, on weekly basis, as year-end bonus compensation.

23. Defendant only paid Plaintiffs and the opt-in class members their year-end bonus (made up of their "banked" wages) if they were still employed by Defendant at the end of the busy work season. Defendant systematically denied Plaintiffs and opt-in class members (those who had resigned or been terminated by Defendant) their bonus of "banked" wages.

24. Because Defendant sought to pay Plaintiffs and opt-in class members using the FWM, none of the Plaintiffs or opt-in class members received traditional overtime—one and one-half times their regular rate of pay for hours worked in excess of 40 per week—to which they were entitled. As a consequence, Plaintiffs and opt-in class members earned significantly less than other non-exempt workers whose regular rate of pay is calculated on an hourly basis, rather than a non-exempt salary basis.

25. Defendant did not properly pay Plaintiffs pursuant to the FWM, for reasons that include, but are not limited to each of the following:

   a. Defendant and the Plaintiffs (and the opt-in class members) had no "clear understanding" that the Plaintiffs (and the opt-in class members) would be compensated using the FWM—receiving a fixed salary regardless of hours worked in any particular week. In fact, as indicated above, Defendant's written policy required Plaintiffs and the opt-in class members to work a minimum amount of hours for each year of employment (1,960 hours in the first year and 1,920 hours in each subsequent year) and said policy required time deductions for partial day, full-day and partial week absences.

5

b. In addition to compensation paid on a weekly basis, Defendant paid Plaintiffs and the opt-in class members incentive compensation—a bonus that was determined by the quality, efficiency, and amount of work they were able to perform on a weekly basis. Thus, for each Plaintiff and each opt-in class member they had no fixed salary; their compensation varied from week to week depending upon the lawn treatments and other work they completed.

c. Also in addition to compensation paid on a weekly basis, Defendant paid the Plaintiffs and the opt-in class members a year-end bonus—a bonus that was determined by the amount of hours each employee had in their "bank" of hours as determined by their actual hours worked. Thus, for each Plaintiff and each opt-in class member they had no fixed salary; their compensation varied from week to week depending upon how many hours of compensation they accrued in their "bank" and upon whether they earned the year-end bonus that consisted of paying out the "banked" hours.

d. In calculating the Plaintiff's (and the opt-in class members') applicable hourly rate of pay for purposes of determining the overtime compensation (premium) they were entitled to, Defendant failed to adjust and re-calculate the hourly rate of pay based upon the Plaintiffs' (and the opt-in class members') salaries divided by the actual hours worked on a week-by-week basis.

e. Upon information and belief, Defendant failed to pay the Plaintiffs (and the opt-in class members) a full, fixed salary, for certain weeks in which they performed work of less than 40 hours and had no "banked hours" to cover the shortfall.

26. Neither the incentive bonus (determined by the amount of work completed on a periodic basis) nor the year-end bonus (calculated using the "banked hours") that Defendant paid (or should have paid) to Plaintiffs and the opt-in class members was a "discretionary" bonus within the meaning of the FLSA.

27. Because these bonuses were not discretionary, Defendant was obligated under the FLSA to include these amounts into the regular rate of pay earned by Plaintiffs and the opt-in class members when calculating the proper amount of overtime compensation to which they were entitled. Defendant failed to include these bonus payments into the hourly rate of pay for the Plaintiffs and opt-in class members. Thus, Defendant, by excluding these bonuses from overtime wage calculations, failed to adequately compensate the Plaintiffs and opt-in class members for the overtime that they worked in violation of the FLSA [29 C.F.R. § 778.209(a)].

28. Defendant failed to maintain accurate and adequate time records with respect to each of the Plaintiffs and opt-in class members.

29. Defendant failed to properly calculate overtime wages for Plaintiffs and the opt-in class members.

## COLLECTIVE ACTION ALLEGATIONS

30. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their FLSA claims as a representative action of the following opt-in class: All current or former "Branch Managers" and "Lawn Specialists" of Defendant, who worked overtime while employed as non-exempt salaried employees and who were compensated for such work at a rate equaling less than one and one-half times their regular rate of pay based upon a 40-hour workweek ("the opt-in class members").

31. The opt-in class members who Plaintiffs seek to represent are those individuals who Defendant compensated pursuant to the same policies and procedures shown on **Exhibit A**—as

non-exempt, salaried employees—in Minnesota, Wisconsin, Illinois, Iowa, Indiana, and Kentucky during the preceding three years.

32. The Plaintiffs are "similarly situated" to all the opt-in class members within the meaning of 29 U.S.C. § 216(b). Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the similarly situated opt-in class members who worked more than 40 hours per week; so, notice should be sent to past and present "Branch Managers" and "Lawn Specialists" of Defendant. There are numerous similarly situated potential opt-in class members (more than 100) who would benefit from the issuance of a Court supervised Notice of the present lawsuit and the opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b). These current and past employees are known to Defendant, readily identifiable, and can be located through Defendant's records.

## FIRST CAUSE OF ACTION
## (FLSA)

33. Plaintiffs re-state paragraphs 1-32 as though fully set forth herein.

34. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and subject to the provisions of the Act.

35. At all relevant times hereto, Plaintiffs and the opt-in class members were "employees" of Defendant, as defined by the FLSA and subject to the protections of the Act.

36. The FLSA [29 U.S.C. § 207(a)(1)] requires an employer to pay its employees at least one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week.

37. The Plaintiffs and the opt-in class members did not qualify for, and thus were not eligible to be paid by Defendant, using the FWM of overtime compensation (as provided for by 29 C.F.R. § 778.114). Nonetheless, Defendant improperly sought to avail itself of the FWM in compensating Plaintiffs and the opt-in class members.

8

38. Plaintiffs and the opt-in class members regularly worked more than 40 hours per week as employees of Defendant. Despite forcing Plaintiffs and the opt-in class members to work more than 40 hours per week, Defendant failed to pay them overtime at a rate of at least one and one-half their regular rate of pay for each hour of overtime that they worked.

39. Defendant's payment of incentive bonuses and year-end bonuses (the "banked" hours) to Plaintiffs and the opt-in class members violated the requirements of the FWM. Moreover, these bonuses should have been taken into account in determining the proper amount of overtime compensation that Plaintiffs and the opt-in class members were entitled to receive. Defendant failed to include the amount of these non-discretionary bonuses when it calculated the overtime compensation it owed Plaintiffs and the opt-in class members. Thus, Defendant failed to pay them overtime compensation at a rate of at least one and one-half their regular rate of pay for each hour of overtime that they worked.

40. Defendant willfully and knowingly violated the overtime provisions of the FLSA and the related regulations.

41. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and the opt-in class members have suffered and continue to suffer damages.

42. Plaintiffs and the opt-in class member are entitled to damages, liquidated damages, costs and attorneys' fees in connection with this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the putative opt-in class members pray for the following relief and a judgment against Defendant as follows:

A. An Order permitting Plaintiffs and the opt-in class members to proceed as a representative, collective action;

B. That at the earliest possible time, the Court issue (or allow Plaintiffs to give) prompt notice, pursuant to 29 U.S.C. § 216(b), to all the potential opt-in class members—current and former "Branch Managers" and "Lawn Specialists" of Defendant—that this litigation is pending, the nature of this litigation, and that they have the right to "opt-in" to this litigation;

C. An Order that Defendant, by the acts, policies, practices and procedures complained of herein, willfully violated provisions of the FLSA;

D. An Order that Defendant is enjoined from further violations of the FLSA;

E. An Order that Plaintiffs and the opt-in class members recover compensatory damages and equivalent liquidated damages as provided for by the FLSA;

F. An Order that Plaintiffs and the opt-in class members recover an award of reasonable attorneys' fees, costs, and expenses; and

G. An Order providing Plaintiffs and the opt-in class members such additional relief as the interests of justice may require.

Dated: August 12, 2010

**JOHN A. KLASSEN, PA**

*/s/ J. A. K.*

John A. Klassen, (No. 24434X)
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 204-4533

**MULLER & MULLER, PLLC**
Andrew P. Muller (No. 32467X)
3109 West 50th Street, No. 362
Minneapolis, MN 55410-2102
(612) 604-5341

**LAW OFFICE OF
THOMAS J. CONLEY, LLC**
Thomas J. Conley (No. 201625)
900 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 839-8283

**ATTORNEYS FOR PLAINTIFFS**