# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Cory Soderberg, Adam Klym, Joe Jadoonath, Nathan Ostlund and, Ryan Rud, on behalf of themselves and all other individuals similarly situated, | Civil No. 10-cv-03429 (PAM/JJG) |
| Plaintiffs, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| vs. | |
| Naturescape, Inc., | |
| Defendant. | |

NOW COMES the Defendant, Naturescape, Inc. ("Naturescape"), in the above-captioned matter, by its attorneys, Gregory L. Peters and Corie J. Tarara of Seaton, Beck & Peters, P.A., and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, answers the Plaintiffs' Complaint ("Complaint") and affirmatively alleges as follows:

## I.     ANSWER.

1.     As to Paragraph 1 of the Complaint, no response is required to the "Preliminary Statement", and to the extent any allegations are set forth in Paragraph 1 of the Complaint necessitating a response, Naturescape denies the allegations.

2.     As to the allegations set forth in Paragraph 2 of the Complaint, Naturescape admits this Court has jurisdiction pursuant to 28 U.S.C. § 1331, but denies the remaining allegations.

3.     As to the allegations set forth in Paragraph 3 of the Complaint, Naturescape admits venue is proper pursuant to 28 U.S.C. § 1391(b)(ii), but denies the remaining allegations.

4. As to the allegations set forth in Paragraph 4 of the Complaint, Naturescape admits Plaintiffs worked as either "Branch Managers" or "Lawn Specialists" in the past 3 years, but denies the remaining allegations.

5. As to the allegations set forth in Paragraph 5 of the Complaint, Naturescape admits Cory Soderberg was employed by Naturescape from about April 2006 until August 2009 as either a "Lawn Specialist" or "Branch Manager", but is without sufficient information to admit or deny the remaining allegations, and therefore, denies the allegations.

6. As to the allegations set forth in Paragraph 6 of the Complaint, Naturescape admits Adam Klym was employed by Naturescape from about March 2006 until August 2008 as a "Lawn Specialist", but is without sufficient information to admit or deny the remaining allegations, and therefore, denies the allegations.

7. As to the allegations set forth in Paragraph 7 of the Complaint, Naturescape admits Joe Jadoonath was employed by Naturescape from about March 2008 until March 2010 as a "Lawn Specialist", but is without sufficient information to admit or deny the remaining allegations, and therefore, denies the allegations.

8. As to the allegations set forth in Paragraph 8 of the Complaint, Naturescape admits Nathan Ostlund was employed by Naturescape from about February 2008 until October 2008 as a "Lawn Specialist", but is without sufficient information to admit or deny the remaining allegations, and therefore, denies the allegations.

9. As to the allegations set forth in Paragraph 9 of the Complaint, Naturescape admits Ryan Rud was employed by Naturescape from about February 2008 until October 2008 as a "Lawn Specialist", but is without sufficient information to admit or deny the remaining allegations, and therefore, denies the allegations.

10. As to the allegations set forth in Paragraph 10 of the Complaint, Naturescape denies the allegations.

11. As to the allegations set forth in Paragraph 11 of the Complaint, Naturescape states said paragraph makes a legal conclusion and describes a class and as such a response is not necessary, but to the extent said paragraph necessitates a response, Naturescape denies the allegations.

12. As to the allegations set forth in Paragraph 12 of the Complaint, Naturescape denies the allegations.

13. As to the allegations set forth in Paragraph 13 of the Complaint, Naturescape admits the allegations.

14. As to the allegations set forth in Paragraph 14 of the Complaint, Naturescape admits it is a Wisconsin corporation engaged in the lawn care service industry with about 20 locations in Minnesota, Wisconsin, Iowa, Illinois, Indiana and Kentucky and that its annual revenue is in excess of $500,000, but denies all references to "at all times relevant" and all other allegations.

15. As to the allegations set forth in Paragraph 15 of the Complaint, Naturescape admits it hired Plaintiffs, but is without sufficient information to admit or deny the allegations as to the "opt-in class members", and therefore, denies the allegations.

16. As to the allegations set forth in Paragraph 16 of the Complaint, Naturescape denies the allegations.

17. As to the allegations set forth in Paragraph 17 of the Complaint, Naturescape denies the allegations.

18. As to the allegations set forth in Paragraph 18 of the Complaint, Naturescape admits its written policies required Plaintiffs to track hours worked, complete time sheets and note lunch and other breaks from work, but denies the remaining allegations.

19. As to the allegations set forth in Paragraph 19 of the Complaint, Naturescape denies the allegations.

20. As to the allegations set forth in Paragraph 20 of the Complaint, Naturescape denies the allegations.

21. As to the allegations set forth in Paragraph 21 of the Complaint, Naturescape denies the allegations.

22. As to the allegations set forth in Paragraph 22 of the Complaint, Naturescape admits it pays its Branch Managers and Lawn Specialists one-half their regular rate of pay for each hour worked in excess of 40 hours per week and allocates an equal amount of the overtime pay as a bonus. Naturescape denies the remaining allegation of Paragraph 22 of the Complaint.

23. As to the allegations set forth in Paragraph 23 of the Complaint, Naturescape admits Branch Managers and Lawn Specialists must be employed when the bonus is paid in order to be entitled to the bonus and denies the remaining allegations.

24. As to the allegations set forth in Paragraph 24 of the Complaint, Naturescape denies the allegations.

25. As to the allegations set forth in Paragraph 25 of the Complaint, Naturescape admits the allegations as noted in response to Paragraph 22, but denies the remaining allegations.

26. As to the allegations set forth in Paragraph 26 of the Complaint, Naturescape denies the allegations.

27. As to the allegations set forth in Paragraph 27 of the Complaint, Naturescape denies the allegations.

28. As to the allegations set forth in Paragraph 28 of the Complaint, Naturescape denies the allegations.

29. As to the allegations set forth in Paragraph 29 of the Complaint, Naturescape denies the allegations.

30. As to Paragraph 30 of the Complaint, no response is required to the statement, and to the extent any allegations are set forth in Paragraph 30 of the Complaint necessitates a response, Naturescape denies the allegations.

31. As to Paragraph 31 of the Complaint, no response is required to the statement, and to the extent any allegations are set forth in Paragraph 31 of the Complaint necessitates a response, Naturescape denies the allegations.

32. As to the allegations set forth in Paragraph 32 of the Complaint, Naturescape denies the allegations.

33. Naturescape reiterates its answers, responses and allegations to Paragraphs 1-32 above as if fully set forth herein.

34. As to the allegations set forth in Paragraph 34 of the Complaint, Naturescape admits the allegations.

35. As to the allegations set forth in Paragraph 35 of the Complaint, Naturscape denies the allegations.

36. Paragraph 36 of the Complaint states a legal conclusion not necessitating a response and to the extent said Paragraph makes any factual allegations necessitating a response, Naturescape denies the same.

37. As to the allegations set forth in Paragraph 37 of the Complaint, Naturescape denies the allegations.

38. As to the allegations set forth in Paragraph 38 of the Complaint, Naturescape denies the allegations.

39. As to the allegations set forth in Paragraph 39 of the Complaint, Naturscape denies the allegations.

40. As to the allegations set forth in Paragraph 40 of the Complaint, Naturscape denies the allegations.

41. As to the allegations set forth in Paragraph 41 of the Complaint, Naturescape denies the allegations.

42. As to the allegations set forth in Paragraph 42 of the Complaint, Naturescape denies the allegations.

## II.   AFFIRMATIVE DEFENSES.

As and for its affirmative defenses, Naturescape alleges as follows:

1. The Complaint of Plaintiffs and members of the alleged Class fails in whole or in part to state a claim upon which relief may be granted;

2. The claims of Plaintiffs and members of the alleged Class are barred in whole or in part by applicable statues of limitations, including, but not limited to, 29 U.S.C. § 255;

3. The claims of Plaintiffs and members of the alleged Class are barred because they failed to satisfy jurisdictional, procedural, statutory, and/or administrative prerequisites prior to initiating this action and in their prosecution of it;

4. Plaintiffs and members of the alleged Class are exempt from overtime compensation under the FLSA under the executive, administrative and/or combined exemptions;

5. The acts or omissions Plaintiffs and members of the alleged Class complained of were in good faith and in conformity with and upon a written administrative regulation, order, ruling, approval or interpretation of the Department of Labor and state agencies and their administrative practices and enforcement policies;

6. Plaintiffs and members of the alleged Class lack standing to assert the Complaint or any purported claim for relief alleged therein;

7. The claims of Plaintiffs and members of the alleged Class are barred in whole or in part by the doctrines by laches, waiver, estoppel, accord and satisfaction, payment, ratification, and/or release;

8. Plaintiffs and members of the alleged Class are not entitled to liquidated or additional damages or penalties under the FLSA because Naturescape's compensation practices were and continue to be in good faith and with reasonable grounds for believing that these practices were proper and neither willful nor intentional;

9. The claims and requested relief of Plaintiffs and members of the alleged Class are barred in whole or in part because Naturescape's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights Plaintiffs may have;

10. Plaintiffs and members of the alleged Class can not bring this action in a respective capacity to the extent they are not similarly situated to other employees of Naturescape;

11. Plaintiffs can not bring this action in a respective capacity to the extent they can not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure;

12. The claims of Plaintiffs and members of the alleged Class are barred in whole or in part because if this action proceeds as a collective action, Naturescape would be deprived of its rights under the Seventh Amendment to the United States Constitution;

13. Plaintiffs and members of the alleged Class are not entitled to injunctive relief under the FLSA;

14. A shifting of attorneys' fees is not appropriate under the facts and circumstances of this case;

15. Any hours worked, but unpaid, were *de minimis*; and,

16. Plaintiffs and members of the alleged Class have failed to mitigate their damages, if any.

17. Naturescape relied on the State of Wisconsin Department of Workforce Development's and the State of Illinois numerous findings that it was properly paying its employees.

WHEREFORE, Naturescape respectfully requests the Court dismiss the Complaint in its entirety with prejudice, and award Naturescape its costs and attorneys' fees associated with defending this action.

Dated: September 9, 2010

By: s/ Corie J. Tarara
Gregory L. Peters (#0289401)
Corie J. Tarara (#349197)
SEATON, BECK & PETERS, P.A.
7300 Metro Boulevard, Suite 500
Minneapolis, Minnesota 55439
(952) 896-1700

ATTORNEYS FOR DEFENDANT,
NATURESCAPE, INC.