**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Cory Soderberg, Adam Klym, Joe Jadoonath, Nathan Ostlund, and Ryan Rud, on behalf of themselves and all other individuals similarly situated, | Court File No.: 10-cv-03429 (PAM/JJG) |
| Plaintiffs, | **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF PLAINTIFFS TO CONDITIONALLY CERTIFY AN FLSA COLLECTIVE ACTION** |
| v. | |
| Naturescape, Inc., | |
| Defendant. | |

## I.  INTRODUCTION.

The Defendant, Naturescape, Inc. ("Naturescape"), respectfully submits this Memorandum of Law in opposition to the Motion of Plaintiffs to Conditionally Certify An FLSA Collective Action ("Motion").  Plaintiffs allege Naturescape violated the Fair Labor Standards Act ("FLSA") by failing to pay them proper overtime wages since Naturescape did not pay them time and one-half for all overtime hours.  Rather, Naturescape paid its Branch Managers and Lawn Specialists pursuant to the fluctuating workweek method of overtime (29 C.F.R. § 778.114), which is commonly used in seasonal industries such as lawn care.  Pursuant to this pay method, employees are paid a salary and one-half of their regular rate for all overtime hours.

After almost a year of discovery, Plaintiffs now seek to create a conditional class. However, conditional class certification is inappropriate since neither Plaintiffs nor the proposed class members are necessarily similarly situated. Plaintiff's Motion should also be denied because Plaintiffs are unable to establish that any other single individual is interested in joining the lawsuit. Even if the Court determines conditional certification is warranted, the Court should decline judicial notice, or in the alternative, adopt Naturescape's revisions to the proposed notice.

## II. STATEMENT OF FACTS.

**A.    Procedural History.**

On August 12, 2010, Plaintiffs filed the instant action alleging they and other "similarly situated" Branch Managers and Lawn Specialists were denied overtime wages pursuant to the FLSA. [Doc No. 1]. On November 10, 2010, Plaintiffs, Adam Klym ("Klym"), Joe Jadoonath ("Jadoonath"), Nathan Ostlund ("Ostlund") and Ryan Rud ("Rud"), filed their consents to join in the collection action. [Doc No. 10]. No other Naturescape employee has filed a consent to join the action. Although Plaintiffs spoke with other employees about the lawsuit, no plaintiff, including Soderberg (despite his Declaration to the contrary [Doc No. 16 ¶ 12]), is aware of any individual who actually wants to join in the litigation.[1]

---

[1] May 11, 2011 Deposition of Cory Soderberg attached to May 26, 2011 Affidavit of Corie J. Tarara ("Tarara Aff.") at ¶ 2, Ex. A ("Soderberg Dep.") pp. 77-81; May 13, 2011 Deposition of Nathan Ostlund, attached to Tarara Aff. at ¶ 3, Ex. B ("Ostlund Dep.") p. 35; May 13, 2011 Deposition of Ryan Rud, attached to Tarara Aff. at ¶ 4, Ex. C ("Rud

2

B.     **Discovery Is Substantially Complete.**

Contrary to Plaintiffs' assertion, discovery is substantially complete. To date, the following discovery has been completed:

- Initial disclosures have been exchanged;
- Plaintiffs have collectively responded to 95 requests for production of documents (and produced over 1,045 pages of documentation), and Naturescape has responded to 10 requests (and has produced over 1,113 pages of documentation);
- Naturescape has answered 12 interrogatories and Plaintiffs have collectively answered 90 interrogatories;
- Naturescape has served Plaintiffs 35 requests for admissions, which Plaintiffs have answered;
- The deposition of all five plaintiffs have been taken (which, interestingly, were initially scheduled prior to Plaintiffs' Motion which Plaintiffs delayed a month until after the Motion was filed); and
- Plaintiffs have identified their expert witnesses.

(Tarara Aff. ¶ 7). If the Motion is denied, Defendant presently has no intention to conduct any further discovery except for the possible deposition of Plaintiffs' expert witnesses. (Tarara Aff. ¶ 8). Naturescape's deadline to disclose its expert witnesses is June 1, 2011. [Doc No. 9]. All expert discovery is to be completed by August 1, 2011. [Doc No. 9]. The non-dispositive deadline is August 1, 2011 and dispositive motions must be fully briefed by October 1, 2011. [Doc No. 9]. Plaintiffs have neither noticed any depositions, nor indicated their intention to do so. (Tarara Aff. ¶ 9). The case is set for bench trial on December 1, 2011. [Doc No. 9].

---

Dep.") p. 43; May 13, 2011 Deposition of Joe Jadoonath, attached to Tarara Aff. at ¶ 5, Ex. D ("Jadoonath Dep.") pp. 38-40; May 11, 2011 Deposition of Adam Garrett Klym, attached to Tarara Aff. ¶ 6, Ex. E ("Klym Dep.") p. 50.

**C. Naturescape's Business & Positions.**

Naturescape's principal place of business is located in Muskego, Wisconsin. (May 25, 2011 Affidavit of Todd Furry ("Furry Aff.") ¶ 2). Naturescape currently performs lawn care services in 6 states (Minnesota, Wisconsin, Illinois, Kentucky, Iowa and Indiana) and 24 branch locations. (Furry Aff. ¶ 3). The largest branch employs 12 Lawn Specialists. (Furry Aff. ¶ 4). The Branch Manager at the largest branch may work on 3-5 lawns per week, versus the Lawn Specialists at that location who may work on 150 lawns per week. (Furry Aff. ¶ 5). The extent to which a Branch Manager performs lawn care depends on the size of the branch (both lawns treated and number Lawn Specialists they are supervising), as well as employee turnover. (Furry Aff. ¶ 6; Soderberg Dep. pp. 21, 31).

Branch Managers are responsible for their branch. (Soderberg Dep. p. 56). Unlike Lawn Specialists, Branch Managers hire, fire, and discipline employees. (Furry Aff. ¶ 7; Soderberg Dep. pp. 22, 31-35, Ex. 2 at DEF 585, DEF 594). For example, Soderberg hired and explained the Naturescape compensation policy to Jadoonath and Rud. (Jadoonath Dep p. 22-23; Rud Dep. p. 20-21). Another Branch Manager, Scott Oman ("Oman"), hired and explained the compensation policy to Ostlund, Soderberg and Klym. (Ostlund Dep. pp. 17, 28-29; Soderberg Dep. p. 14, 57-58; Klym Dep. p. 14). All of the other Plaintiffs (except Klym), reported to Soderberg (who was responsible for approving and signing off on their timesheets and explaining the compensation policy)

during the course of their employment. (Soderberg Dep. p.15-16, 58, 118; Jadoonath Dep. p. 16; Rud Dep. p. 20; Ostlund Dep. p.14; Klym Dep. p. 17).

Contrary to Soderberg's Declaration [Doc No. 16], neither he nor any of the Plaintiffs mowed lawns, trimmed shrubs or installed landscape materials. (Klym Dep. p. 20; Soderberg Dep. p. 20; Jadoonath Dep. pp. 17-19; Ostlund Dep. p. 17; Rud Dep. p. 15). Also, contrary to Soderberg's Declaration, he did in fact supervise two or more employees. (Soderberg Dep. p. 35, stating he would hire six Lawn Specialists and three would quit).

Plaintiffs' claim also relies heavily on the allegation they were forced to deduct time on their timesheets for lunches and breaks which impacted their bonus. (Klym Dep. pp. 46-47). Yet, plaintiff Rud, testified that it was likely Soderberg, his Branch Manager, who told him to do so. (Rud Dep. p. 39).

### D. Naturescape's Compensation Policy.

Contrary to Soderberg's Declaration and Jadoonath's Declaration, Plaintiffs all admitted they were paid a fixed salary for all weeks where they performed any work, and received one-half of their regular hourly rate for all overtime work. (Soderberg Dep. p. 64; Klym Dep. p. 41; Rud Dep. p. 21; Jadoonath Dep. p. 32; Ostlund Dep. p.31 ). In addition, Naturescape provides employees bonuses as well as vacation time, which is paid out in the winter months when they perform no work, so long as they remain employed. (Soderberg Dep. pp. 64-65).

Naturescape's compensation policy has been reviewed by the State of Wisconsin Department of Workforce Development numerous times and held valid each time. (Furry Aff. ¶ 8, Ex. A). The State of Illinois Department of Labor has also reviewed Naturescape's compensation policy and found it compliant. (Furry Aff. ¶ 9, Ex. B).

### III.   CONDITIONAL CLASS CERTIFICATION SHOULD BE DENIED.

The Motion should be denied as Plaintiffs can not establish they are similarly situated to each other, let alone the proposed class of all Branch Mangers and Lawn Specialists. Further, should this Court grant conditional certification, the remaining deadlines in the pretrial scheduling order, including the trial date, will need to be adjusted significantly to afford not only the notice period, but to allow the parties to conduct the additional discovery, and file the necessary motions. Justice does not support this delay where there are no other known individuals who desire to opt into the litigation.

#### A.   Conditional Class Certification Standard.

Plaintiffs seek conditional certification of this FLSA collective action pursuant to 29 U.S.C. § 216(b). The FLSA allows a collective action to be maintained against an employer, so long as the plaintiffs are "similarly situated". 29 U.S.C. § 216(b); *Smith v. Heartland Automotive Services, Inc.*, 404 F.Supp.2d 1144, 1149-50 (D. Minn. 2005). However, the decision to create and facilitate a collective action remains soundly within the discretion of this Court. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Smith*, 404 F.Supp.2d at 1149.

As the FLSA does not define "similarly situated," courts generally apply a two-step approach to determine whether a collective action should proceed. *Smith*, 404 F.Supp.2d at 1149. At the first stage, the Court determines whether the class should be conditionally certified for the purpose of notification and discovery. *Burch v. Qweest Comm. Intern., Inc.*, 500 F.Supp.2d 1181 (D. Minn. 2007). At the first stage, plaintiffs must establish a "'colorable basis…that a class of similarly situated plaintiffs exists' or that 'the putative class members were the <u>victims</u> of a single decision, policy, or plan.'" *Saleen v. Waste Mgt., Inc.*, 649 F.Supp.2d 937 (D. Minn. 2009) (citing *Smith*, 404 F.Supp.2d at 1149; *Burch*, 500 F.Supp.2d at 1186) (emphasis added). This means that Plaintiffs must "come forward with something more than the mere averments in [their] complaint in support of [their] claim." *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278-9 (D. Minn. 1992) ("*Severtson II*").

At the second stage, the defendant may move to decertify the class by providing evidence that the members of the conditional class are in fact not similarly situated. *Smith*, 404 F.Supp.2d at 1149-50. At that stage the Court looks at several factors: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; ([and] (3) fairness and procedural considerations." *Id*. (citations omitted).

Plaintiffs argue their Motion comes at the first stage, claiming "the parties have engaged in nothing beyond initial, written discovery." [Doc No. 15, pp. 8-9). However, Plaintiffs understate the true status of the litigation and its impending trial date and

completed discovery, which provides this Court with the necessary evidence to conclude that the purported class is not similarly situated or the victims of a single policy.

**B.     Plaintiffs Are Not Even Similarly Situated.**

Whether a putative class is "similarly situated" is analyzed by this Court on a case-by-case basis. *Ray v. Motel 6 Operating, Ltd. Partnership*, 1996 WL 93231 (D. Minn. 1996). A collective action is only appropriate where the plaintiffs can show their positions are similar to the other potential class members and "the nature of the work performed by other claimants is at least similar to their own". *Smith*, 404 F.Supp.2d at 1149 (citation omitted). While it is not required Plaintiffs be "identically situated to putative class members", they do need to have "relevant similarities" in their job descriptions. *Burch*, 500 F.Supp.2d at 1187. In *Burch*, heavily relied upon by Plaintiffs, the plaintiffs were all non-exempt employees who worked in customer call centers.

Here, on the other hand, Plaintiffs seek to include both Branch Managers and Lawn Specialists, which are two very different positions, and can be even more different depending on which branch they are located. Branch Managers, while paid overtime, are wholly in charge of the operations of their branch, and have the ability to hire, fire, and discipline, as an exempt supervisory employee would. Lawn Specialists, on the other hand, are not able to hire, fire, discipline, and have no management responsibilities. In addition, the nature of the work performed by Branch Managers depends on how large the branch is - - the larger the branch, the less hands-on work the Branch Manager performs. New locations, on the other hand, will have more hands-on Branch Managers

until the sales volume increases and more Lawn Specialists can be hired to perform those duties. Certainly, if a Branch Manager has excessive turnover, there may be more hands-on work.

Importantly, not even Plaintiffs are similarly situated. Soderberg (as a Branch Manager) explained the compensation system to other Plaintiffs. It is counterintuitive that Plaintiffs can argue they did not have a "clear, mutual understanding" of the compensation system, when two of them were explained Naturescape's compensation and overtime pay by Soderberg. Plaintiffs' claim also relies heavily on the allegation they were forced to deduct time (for overtime purposes) for lunches and breaks, which they never took. They allege this in turn reduced the amount of bonus they received. Yet, Rud testified it was likely Soderberg, his Branch Manager, who told him to deduct the time.

Plaintiffs ask this Court to conditionally certify a class who work in six different states, under multiple managers. In addition, the different Naturescape locations differ as to number of employees, duties of Branch Managers and Lawn Specialists, amount of overtime worked, bonuses received, etc. These make for individualized, not collective claims. *See West v. Border Foods, Inc.*, 2006 WL 1892527, * 7-8 (D. Minn. 2006) (denying conditional certification).

Before this Court can grant the Motion, Plaintiffs must provide evidence that other similarly situated individuals want to opt in to the litigation, which they fail to do. *See Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1164-5 (D. Minn. 1007). Without

such evidence, this Court cannot possibly determine a purpose to conditionally certify this case. *Id*. It is not enough to rely on one statement in one of the plaintiff's affidavits that others have "communicated…their desire to be a part of this lawsuit"; Plaintiffs must provide some evidence that others will opt into the lawsuit. *Id*. at 1165; Declaration of Cory Soderberg, ¶12 [Doc. No. 16]. Failure to do so is fatal to Plaintiffs' Motion. *Id*. In fact, contrary to Soderberg's Declaration, Plaintiffs (including Soderberg) testified they do not know one single individual who desires to opt into the litigation. Accordingly, to conditionally certify the class is without purpose (except to stir up litigation and unnecessarily burden this Court and Naturescape) and the Motion necessarily fails.

C.     **Plaintiffs Are Not Victims of A Single Policy or Plan.**

Plaintiffs contend they are similarly situated to potential plaintiffs because they were "all victims of a single scheme, which scheme uniformly deprived them of overtime wages". (Pltf. MOL p. 10). In support, Plaintiffs aver that "they all performed the same type of manual labor" and "worked significantly more than 40 hours per week" yet were not paid "traditional overtime wages". (Pltf. MOL p. 10-11). Plaintiffs allege Naturescape's "pay plan and related policies…unites them." (Pltf. MOL p. 11). However, Plaintiffs testified that Branch Managers and Lawn Specialists are two very different positions.

In any event, mere allegation that Plaintiffs were not paid overtime wages is insufficient to warrant conditional certification. *Thompson v. Speedway SuperAmerica, LLC*, 2009 WL 130069 (D. Minn. 2009). Plaintiffs must show the reason they were not

allegedly properly compensated was because of Naturescape's corporate decision to ignore its pay plan and related policies, which indeed require payment for overtime pursuant to the fluctuating workweek method. *Id.* at * 2. For example, in *Thompson*, the Court denied conditional certification, as the plaintiffs were unable to provide evidence of an "identical, regularly scheduled task that is always uncompensated"; the policy stated they *would* be paid for certain activities. *Id.* at *3. Similarly here, Naturescape has not only followed is pay plan and policies, but the States of Wisconsin and Illinois have validated Naturescape's compensation policy.

The Plaintiffs must show they are victims of an "unlawful companywide policy". *Saleen*, 649 F.Supp.2d at 940. Lawn care companies are seasonal employers, and as such, are an industry known to utilize the fluctuating workweek method. Contrary to Plaintiffs suggestion that "traditional overtime" was not paid, in this industry, the use of the fluctuating workweek method is "traditional". For example, in *Lance v. The Scotts Company*, 2005 WL 1785315 (N.D. Ill. 2005), the court granted summary judgment for The Scotts Company (denying motion to certify) holding that the fluctuating workweek method is "specifically contemplated and authorized by the DOL." *Id.* at * 6. In rejecting the motion to certify, the Court noted the lawn company disseminates its pay method in a decentralized manner, with the Branch Managers conveying the information and that "Plaintiff and his fellow [Territory Service Representatives] are not sufficiently similarly situated simply because they received the same pay, pursuant to the same, lawful pay method." *Id*. at * 9. Here, all the plaintiffs also testified that their Branch

Manager disseminated the pay method to them, and they did not all have the same Branch Manager (one of whom is a plaintiff).

Similarly, the *Haynes v. Tru-Green Corp.*, 154 Ill. App. 3d 967 (Ill. App. 1987) Court also determined that, even though plaintiffs hours did not fluctuate below 40 hours, the FLSA does not require so, and the use of the fluctuating workweek method for plaintiff, a Lawn-Care Specialist, was proper.  Notably, even one of the plaintiffs in the instant action, Ostlund, worked for Tru-Green Corp. and was paid a salary plus commission based on production, prior to his employment with Naturescape (Ostlund Dep. p. 10-13).

Plaintiffs do not allege Naturescape's policy (based on the fluctuating workweek method) is on its face unlawful, rather that the use of the fluctuating workweek method is improper.  This Court has held the "existence of a written policy dictating overtime pay is one factor weighing against conditional certification."  *Burch*, 500 F.Supp.2d at 1188 (citing *West*, 2006 WL 1892527 at *9).  Further, both the State of Wisconsin Department of Workforce Development and the State of Illinois Department of Labor have validated Naturescape's pay policy.  As Plaintiffs were not <u>victims</u> of an unlawful plan, conditional certification should be denied.

### IV.  **JUDICIAL NOTICE SHOULD BE DENIED.**

29 U.S.C. § 216(b) permits this Court, where appropriate, to facilitate notice to potential plaintiffs of FLSA litigation.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) (analyzing ADEA which incorporates enforcement provisions of FLSA).

However, judicial notice is not automatic. *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991) ("*Severtson I*"). Plaintiffs ask this Court to allow it to expand the scope of the litigation and facilitate notice to potential opt-in plaintiffs. (Pltf. MOL at p. 11). Plaintiffs ask the Court to approve their notice; order Naturescape to provide the contact information (name, mail and email address, social security number, dates of employment) for all of Naturescape's Branch Managers and Lawn Care Specialists for the past three years; and require Naturescape to post the notice in its branch locations. (Pltf. MOL p. 12-13). However, the facts of this case do not support such notice, and will only serve to stir up litigation.

A.      **Judicial Notice Is Improper As It Will Only Stir Up Litigation.**

Judicial notice "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *Hoffmann-La Roche*, 293 U.S. at 172. However, before this Court authorizes judicial notice, it must first determine whether a manageable class exists so as not to improperly "stir up" litigation. *Severtson I,* 137 F.R.D. 264.

As noted above, Naturescape operates 24 different branches (of various sizes) in 6 different states. All the Plaintiffs worked exclusively in Minnesota, and all with Soderberg. As Plaintiffs are not able to name a single person who desires to join in the litigation, even within Minnesota, it does not make sense to allow the stirring up of litigation among six states when there is no indication that there would otherwise be a multiplicity of duplicative suits. Further, to do so in states such as Wisconsin and

13

Illinois, where their state labor departments have validated Naturescape's pay policy, would be futile. To allow Plaintiffs to expand the litigation would not only waste of this Court's time, but will only serve to generate unnecessary attorneys' fees and costs as well. As a collective action, any individual could have joined in the litigation thus far and has chosen not to. As Plaintiffs fail to meet their burden for conditional certification as noted above, and there is no threat of a multiplicity of duplicative suits, judicial notice is improper. *Id*. at 266-67.

**B.     The Scope of the Proposed Notice Must Be Limited.**

Alternatively, if this Court determines that conditional certification and judicial notice is appropriate, Naturescape objects to Plaintiff's proposed notice as drafted and requests modifications thereto. Court notice must be "timely, accurate and informative". *Severtson II*, 141 F.R.D. at 278 (citing *Hoffmann-LaRoche*, 493 U.S. at 172). The Plaintiffs' proposed notice states: "*A court authorized this notice. This is not a solicitation from a lawyer*". This statement is misleading and implies the Court supports the Plaintiffs' lawsuit. This should be stricken. Also, the phrase, "*You may have important decision to make because a Collective Action lawsuit may affect your rights*" implies the lawsuit will affect their rights if they do nothing, which is contrary to the facts and is designed to scare people into joining the lawsuit. This should also be stricken. Further, under "Important Information About This Lawsuit" paragraph 4 states: "*They also allege that Naturescape's corporate-wide policies and practices harmed them in the same way*". This does not make sense and is overly broad. It should be stricken.

Additionally, Plaintiffs' proposed timeframe for employees employed from August 12, 2007 to present is too broad. As Plaintiffs have no evidence to support any willful violation (and two other states supported Naturescape's method of compensation for these two positions during that time), the class should at least be limited to two years from the filing of the Complaint (thus, August 12, 2008).

Further, the proposed notice has no suggested time limit for potential class members to consent to join. As one of the purposes of judicial notice is to "set cutoff dates to expedite disposition of the action," it should be specifically designated and limited to thirty (30) days, so as not to prolong this litigation any further. *Hoffmann-La Roche*, 293 U.S. at 171-172.

In order to accurately inform potential plaintiffs of their rights and responsibilites, the Notice should state that by opting-in, the individual may be held liable for defendant's attorneys' fees and costs of the action. *See* 29 U.S.C. § 216(b). Finally, Plaintiffs did not provide the draft Consent to Join form referred to in the Notice, so Naturescape respectfully requests that it be allowed to comment and request changes as may be appropriate should the Court determine to exercise its discretion of judicial notice. *See e.g. Hoffmann-La Roche*, 293 U.S. at 172 (both parties and court benefit from settling notice disputes prior to distribution).

**C.      Plaintiffs Should Not Be Allowed Naturescape's Former and Current Employees' Excessive Personal Information.**

Even if the Court grants conditional certification and issues judicial notice, it should deny Plaintiffs' request for telephone numbers, social security numbers and email addresses because such information is obviously highly personal, sensitive and confidential. *See Wilbur v. Chase Manhattan Mortg. Corp.*, D. Minn., No. 04-3172 (Feb. 15, 2005 Order) (attached to Tarara Aff. ¶ 10, Ex. F) (holding social security numbers and telephone numbers to be "highly sensitive and confidential"). Plaintiffs provide no reason why they need this information in order to locate employees.

Contacting individuals by multiple means, or through more private email means, only stands to stir up litigation and violate the privacy of Naturescape's former and current employees. Plaintiffs also seek to force Naturescape to publish the notice at each branch location. This will only stir up the "water cooler talk", which will certainly result in business disruption. Naturescape respectfully requests this Court carefully guard these uninterested third parties' personal information and should judicial notice be warranted, limit communications to U.S. Mail only. See e.g. *Hoffmann-La Roche*, 293 U.S. at 170 (holding District Court properly permitted discovery of <u>names</u> and <u>addresses</u> of discharged employees).

## VI.   CONCLUSION.

Based upon the foregoing, the Court should deny Plaintiff's Motion in its entirety.

Date: May 26, 2011                                   By  s/Corie J. Tarara
                                                     Gregory L. Peters (0289401)
                                                     Corie J. Tarara (0349197)
                                                     SEATON, PETERS & REVNEW, P.A.
                                                     7300 Metro Boulevard, Suite 500
                                                     Minneapolis, Minnesota 55439
                                                     Tel. (952) 896-1700
                                                     Fax (952) 896-1704
                                                     gpeters@seaonlaw.com
                                                     ctarara@seatonlaw.com