

Tommy G. Thompson
Governor

Linda Stewart
Secretary

J. Sheehan Donoghue
Division Administrator

**State of Wisconsin**

**Department of Workforce Development**

EQUAL RIGHTS DIVISION
LABOR STANDARDS BUREAU
819 N. Sixth Street, Rm. 255
Milwaukee, WI 53203-1687
Telephone: (414) 227-4397
Fax   (414) 227-4084
TTY: (414) 227-4081
http://www.dwd.state.wi.us/

May 4, 1998

Mr. Edwin J. Frommung
6610 South 35th Street, Apt. 106
Franklin, WI 53132



RE: ERD Case # 9780010

Dear Mr. Frommung:

Your claim filed against your previous employer has been re-assigned to me for disposition. We have determined that your employer has paid you correctly in accordance with your agreement and the law.

Your employer paid you a salary of $760.00 bi-weekly regardless of the number of hours you worked. Your employer determined that for purpose of overtime your hourly rate was $9.50. They paid in accordance with that understanding. Wisconsin overtime law requires the employer to pay employees time and one and one half your regular rate for all hours worked. The employer took all hours against the salary and than use the $9.50 for all the overtime hours you worked.

They could have made adjustment every week by taking your salary on weekly bases divided that by the total hours you worked weekly to come up with your hourly rate of pay. They could have divided that hourly rate in half to determine the overtime wages due you.

An example of that is week of June 29, 1996. You worked 44.5 hours. The employer would take half of the $760.00, you earned and come up with $380.00. They would than divide 44.5 hours into the $380.00 and come up with an hourly rate of $8.53. They than would take $8.53 and divide that in half to come up with $4.269 for the half time rate and pay you at the rate of pay for overtime hours worked.

The employer did not promise you that they were paying you $9.50 per hour, rather a salary of $760.00 bi-weekly. You may have interpreted that to be an hourly rate, but it was not it was a salary. We are closing out your claim by notice of this letter.

Sincerely,

*Michael A. Sansone*

Michael A. Sansone
Labor Standards Investigator

cc:   Employer





EXHIBIT

_A_

File Ref: 9780010

ERD-7087-MLD-E (R. 10/97)

**DEF - 000001**



Tommy G. Thompson
Governor

Linda Stewart
Secretary

J. Sheehan Donoghue
Division Administrator

**State of Wisconsin**

## Department of Workforce Development

EQUAL RIGHTS DIVISION
LABOR STANDARDS BUREAU
819 N. Sixth Street, Rm. 255
Milwaukee, WI 53203-1687
Telephone: (414) 227-4397
Fax: (414) 227-4084
TTY: (414) 227-4081
http://www.dwd.state.wi.us/

May 4, 1998

Mr. Matthew J. Giese
S88W22765 Marianne Avenue
Big Bend, WI 53103



**COPY**

RE: ERD Case # 9781083

Dear Mr. Giese:

Your claim filed against your previous employer has been re-assigned to me for disposition. We have determined that your employer has paid you correctly in accordance with your agreement and the law.

Your employer paid you a salary of $800.00 bi-weekly regardless of the number of hours you worked. Your employer determined that for purpose of overtime your hourly rate was $10.50. They paid in accordance with that understanding. Wisconsin overtime law requires the employer to pay employees time and one and one half your regular rate for all hours worked. The employer took all hours against the salary and than use the $10.50 for all the overtime hours you worked.

They could have made adjustment every week by taking your salary on weekly bases divided that by the total hours you worked weekly to come up with your hourly rate of pay. They could have divided that hourly rate in half to determine the overtime wages due you.

An example of that is week of June 21,1996. You worked 65..25 hours. The employer would take half of the $800.00, you earned and come up with $400.00. They would than divide 65.25 hours into the $400.00 and come up with an hourly rate of $6.13. They than would take $6.13 and divide that in half to come up with $3.065 for the half time rate and pay you at the rate of pay for overtime hours worked.

The employer did not promise you that they were paying you $10.50 per hour, rather a salary of $800.00 bi-weekly. You may have interpreted that to be an hourly rate, but it was not it was a salary. We are closing out your claim by notice of this letter.

Sincerely,

*Michael A. Sansone*

Michael A. Sansone
Labor Standards Investigator

cc:    Employer



ERD-7087-MLD-E (R. 10/97)

File Ref: 9781083

Tommy G. Thompson
Governor

Linda Stewart
Secretary

J. Sheehan Donoghue
Division Administrator



EQUAL RIGHTS DIVISION
819 N. Sixth Street, Rm. 255
Milwaukee, WI 53203-1687
Telephone: (414) 227-4384
Fax: (414) 227-4084
TTY: (414) 227-4081
http://www.dwd.state.wi.us/

**State of Wisconsin**

**Department of Workforce Development**

June 22, 1998

Timothy Frank
702 Cherrywood Court #15
Madison, WI 53714



RE: 9880428   Wage Claim--Nature Scape Lawn & Landscape Care

Dear Mr. Frank :

Enclosed is a copy of the response I received from the employer along with copies of all of the additional documents included.  The dark lines on the payroll sheet are spots where I blackened out the names of other workers.   We do not assume your claim is valid just because you filed it with us.  Based on what has been presented by the employer it does not appear there has been a violation of the state's overtime law.

The employer paid you on a salary basis.  It was a standard salary for fluctuating hours.  The salary amount is you regular rate for all hours each week.  With minor exceptions, the employer must pay at least this regular rate regardless of the hours worked in the week.   In other words, the employer cannot make deductions for hours under 40 in the week.  Please note one of the exceptions is for your first and final week of work.   Salary in those weeks can be prorated to the actual days or time worked.

On the other end, the employer must pay the additional half time for hours worked in excess of 40 per week.  To do this the employer must reduce your salary to an average regular rate. The average regular rate is determined by dividing the salary by the actual hours worked. The overtime wages are equal to the one half this regular rate times the hours over 40.  Keep in mind the overtime law requires overtime at not less than time and one half your regular rate for the overtime hours worked.  It does require overtime to be paid at regular rate plus time and one half.  This process is covered in the enclosed pamphlet.

In your case, the employer divides the salary by the equivalent of 40 hours per week to come up with an average regular rate.  That average rate is in excess of the actual regular rate that would result if the salary was divided by the actual hours.  By doing this the overtime rate used by the employer is higher than the minimum half time rate allowed to be used .  The overtime paid to you is greater than what would be mandatory.   There does not appear to be any violation with the way payments were calculated for you.



ERD-7087-MLD-E (R. 10/97)

Timothy Frank
June 22, 1998
Page 2

Unless you have some additional information I am not aware of your complaint appears invalid. If you are going to submit additional information, you must respond to this letter IN WRITING. That response must be in my office no later than July 6, 1998 and it must include the information you wished considered. If I do not hear from you by that date I will assume you are not going to respond and the file will be closed.

Sincerely,
LABOR STANDARDS BUREAU


Evelyn J. Mickey
Labor Standards Investigator
(414)227-4018


C: Employer

**Scott McCallum**
Governor

**Jennifer Reinhart**
Secretary

**J. Sheehan Donoghue**
Division Administrator



**State of Wisconsin**

**Department of Workforce Development**

EQUAL RIGHTS DIVISION
819 No. Sixth Street, Rm. 255
Milwaukee, WI 53203-1687
Telephone:      (414) 227-4384
Fax:               (414) 227-4084
TTY:              (414) 227-4081
http://www.dwd.state.wi.us/

October 1, 2001



Benjamin Wolf
N15 W22260 Watertown Rd
Waukesha, WI  53186

Re:   ERD Case #LS200103630 – Wage Claim – Naturescape Lawn Care

Dear Mr. Wolf:

Enclosed you will find a copy of the response that has been received from Naturescape Lawn Care.

The response contains a copy of your payroll records and time sheets for the duration of your employment.  Upon review of the documents it appears as if you have been paid the overtime wages that you were entitled to.  Enclosed you will find a copy of Wisconsin Overtime Law.

The records reflect that you were paid on a salary basis.  You received $500.00 gross salary per week, which is $1000.00 bi-weekly salary.  The overtime law outlines how salaried non-exempt employees should be compensated for all hours worked in excess of forty in the work week.  I have prepared an example below using your last pay period information in order to clarify how the State of Wisconsin requires employers to pay overtime wages.

Week Ending 8/25/01 you worked 50.75 hours.  Week ending 9/1/01 you worked 36.25 hours. You worked a total of 87 hours during the bi-weekly pay period.  10.75 of the hours worked are overtime hours and should be compensated at time and one half.  In order to determine the overtime rate for a salaried employee the employee's average rate of pay must first be established.  This is found by dividing the total amount of hours worked in the pay period by the rate of pay; $1000.00 divided by 87 hours = $11.49 dollars earned per hour.  The half time rate must then be established; $11.49 divided by 2 = $5.75.  The overtime rate for the 10.75 hours of overtime that you worked in this pay period is $5.75; 10.75 multiplied by $5.75 is $61.81. You should have received $61.81 for the hours of overtime that you worked in this pay period. The payroll records reflect that you were paid $67.19 in overtime wages for the pay period.  The department has determined that you were paid all of the overtime wages that you were entitled to based on the documents that have been forwarded to the department.

If you believe that the time sheets that were provided to the department are inaccurate you must provide documentation to the department that will verify the hours that you believe that you worked.  The documentation can be in the form of the dates and hours that you worked accompanied with a signed witness statement from an individual who can verify that you worked the hours that you are claiming.  A WRITTEN response that contains the information

ERD-7087-MIL-E (R. 01/99)

DEF - 000005

that you would like to add to support your claim must be received not later than noon on October 14, 2001.   If a response that contains proof of additional hours of work is not received by the specified date and time the department will close this case.

Sincerely,
Labor Standards Bureau


Amy L. Russell
Labor Standards Investigator
(414) 227-457

cc:      Naturescape Lawn Care
enclosures

DEF - 000006



Scott McCallum
Governor

Jennifer Reinert
Secretary

J. Sheehan Donoghue
Division Administrator

1 S. Pinckney St., Room 320
P.O. Box 8928
Madison, WI 53708-8928
Telephone: (608) 266-6860
Fax: (608) 267-4592
TTY: (608) 264-8752
http://www.dwd.state.wi.us/
e-mail: dwdder@dwd.state.wi.us

**State of Wisconsin**
**Department of Workforce Development**

October 16, 2001

Richard Tushaus
S605 W. Lincoln Ave.
West Allis, WI 53219

RE: ERD Case # 200102816

Dear Mr. Tushaus,

Enclosed is a response from Naturescape concerning your complaint for unpaid overtime wage.
It is Naturescape's position that you are not due any additional overtime wages. They have
provided a copy of the time and payroll records for each pay period you were employed since
1999.

Naturescape states that during parts of your employment your were a hourly employee and
during other pay periods you were a salaried employee. It is the employer's position that you
received time and one half your regular rate of pay for each pay period you were employed.
They state the confusion over this matter comes from the fact that during part of your
employment you were paid a salary for your work.

As a salaried employee your regular salary pays you in full for all the straight time due to you for
all hours worked. This includes the straight time for the hours worked in excess of 40 hours per
week. Because you worked in a position that was not exempt from the payment of overtime
compensation the employer is required to pay you the additional half time rate for any hours you
worked in excess of 40 per week. Based on the payroll records provided by the employer it
appears that the employer has paid you correctly.

If you dispute any of the information provided by the employer you have the right to respond.
Along with your response, please forward any additional information you have to support your
position. If you believe the at the records provided by the employer are not accurate, please
forward any records you kept on the hours you worked along with your pay stubs for those time
periods.

ERD-7087-MAD-E (R. 07/2001)                    **Wisconsin.gov**                    File Ref.

DEF - 000007

Richard Tushaus
October 16, 2001
Page 2

Please respond IN WRITING by **October 26, 2001.** If I do not receive your response by that date I will assume that you d not dispute the information provided by the employer. At that time I will issue my decision on your complaint.

Sincerely,
LABOR STANDARDS BUREAU


Steve Laesch
Labor Standards Investigator
(608) 266-7537

cc: Todd Furry
    President
    Naturescape
    12601 W. Janesville, Rd.
    Muskego, WI 53150

**Scott McCallum**
Governor

**Jennifer Reinert**
Secretary

**J. Sheehan Donoghue**
Division Administrator



EQUAL RIGHTS DIVISION
1 S. Pinckney St., Room 320
P.O. Box 8928
Madison, WI 53708-8928
Telephone: (608) 266-6860
Fax: (608) 267-4592
TTY: (608) 264-8752
http://www.dwd.state.wi.us/
e-mail: dwdder@dwd.state.wi.us

**State of Wisconsin**
**Department of Workforce Development**

October 16, 2001

Michael Connell
1620 Povidence
Milwaukee, WI 53211

RE: ERD Case # 200102710

Dear Mr. Connell

Enclosed is a response from Naturescape concerning your complaint for unpaid overtime wages. It is Naturescape's position that you are not due any additional compensation. They have provided a copy of the time and payroll records for each pay period you were employed since you began employment in 2000.

Naturescape states that during your employment your were paid a bi-weekly salary. Since you were not exempt from the payment of overtime they paid you time an one half your regular rate for all hours worked in excess of 40 hours per week.

I have reviewed the time and payroll records provided by the employer. It does appear that they were paying you a salary. As a salaried employee your regular salary paid you in full for all the straight time due to you for all hours worked. This includes the straight time for the hours worked in excess of 40 hours per week. Because you worked in a position that was not exempt from the payment of overtime compensation, the employer is required to pay you the additional half time rate for any hours you worked in excess of 40 per week. Based on the payroll records provided by the employer it appears that the employer has paid you correctly.

If you dispute any of the information provided by the employer you have the right to respond. Along with your response, please forward any additional information you have to support your position. If you believe the at the records provided by the employer are not accurate, please forward any records you kept on the hours you worked along with your pay stubs for those time periods.

ERD-7087-MAD-E (R. 07/2001)                **Wisconsin.gov**                File Ref:

DEF - 000009

Connell
October 16, 2001
Page2

Please respond IN WRITING by **October 26, 2001.**  If I do not receive your response by that date I will assume that you d not dispute the information provided by the employer.  At that time I will issue my decision on your complaint.

Sincerely,
LABOR STANDARDS BUREAU


Steve Laesch
Labor Standards Investigator
(608) 266-7537

cc:  Todd Furry
     President
     Naturescape
     12601 W. Janesville, Rd.
     Muskego, WI 53150

DEF - 000010

Scott McCallum
Governor

Jennifer Reinhart
Secretary

J. Sheehan Donoghue
Division Administrator



**State of Wisconsin**

**Department of Workforce Development**

**EQUAL RIGHTS DIVISION**
819 No. Sixth Street, Rm. 255
Milwaukee, WI 53203-1687
Telephone:    (414) 227-4384
Fax:             (414) 227-4084
TTY:             (414) 227-4081
http://www.dwd.state.wi.us/

December 13, 2001



Eric Peschel
N89W15283 Cleveland Ave. #3
Menomonee Falls, WI 53051

Re:    ERD Case #LS200104353 – Wage Claim – Naturescape

Dear Mr. Peschel:

Enclosed you will find a copy of the response that has been received from Naturescape. The response contains a copy of your payroll records and time sheets. The department has determined that you have been paid overtime wages in accordance with Wisconsin Overtime Law. Attached you will find a summary that details some of your pay periods. This summary should explain how overtime is calculated and that you have been compensated accordingly.

Overtime wages for salaried non-exempt employees are calculated by dividing the total hours worked in a pay period by the total regular wages the employee is paid in the pay period. This equals the average hourly rate. That rate is then divided in half to establish the overtime rate (1/2 of the regular rate). The half time rate must then be calculated by the total overtime hours that are worked to determine the amount of overtime that is due.

The State of Wisconsin requires that employees must be paid for hours of work only. Both parties agree that you were to be compensated for your hours of work at 1/26 of your yearly salary. Your yearly salary was $26,000.00 you were compensated for the hours that you worked at $1000.00 per pay period. This appears to be in accordance with the pay structure that each party agrees was in existence.

If you have additional information to add to your claim you may forward it to the department. If a written response is not received by December 27, 2001 the department will determine that you have been paid correctly and will dismiss this claim.

Sincerely,
Labor Standards Bureau

Amy L. Russell
Labor Standards Investigator
(414) 227-457

cc:    Naturescape
enclosure

ERD-7087-MIL-E (R. 01/99)

DEF - 000011

Eric Peschel v. Naturescape
Overtime

| Week End Date | Hours Worked | Total hours worked | Overtime Hours Worked | Total Overtime Hours | Salary | Average Hrly Rate | Overtime Rate | Overtime Due | Overtime Paid |
|---|---|---|---|---|---|---|---|---|---|
| 8/25/2001 | 53.25 | | 13.25 | | | | | | |
| 9/1/2001 | 61.25 | | 21.25 | | | | | | |
| | | 114.5 | | 34.5 | $1,000.00 | $8.73 | $4.37 | $150.66 | $215.63 |
| 9/8/2001 | 44 | | 4 | | | | | | |
| 9/15/2001 | 39.75 | | 0 | | | | | | |
| | | 83.75 | | 4 | $1,000.00 | $11.94 | $5.97 | $23.88 | $25.00 |

DEF - 000012

Jim Doyle
Governor

Roberta Gassman
Secretary

Micabil Diaz-Martinez, Esq.
Division Administrator



**State of Wisconsin**
**Department of Workforce Development**

201 E. Washington Ave., Room A300
P.O. Box 8928
Madison, WI 53708-8928
Telephone: (608) 266-6860
Fax: (608) 267-4592
TTY: (608) 264-8752
http://www.dwd.state.wi.us/
e-mail: dwdder@dwd.state.wi.us

March 31, 2003

Jason Drogsvold
330 East Tyranea Pk. Dr. #2
Lake Mills, WI 53551

RE: ERD case # 200204569

Dear Mr. Drogvold,

Enclosed is a response from Naturescape in response to your claim for unpaid overtime and bonus wages. I have reviewed the complaint. The following letter outlines my decision concerning this matter.

Based on the information provided, Naturescape employed you as a Lawn Care Specialist for a regular bi-weekly salary. Based on the type of labor that you performed you would not be considered "exempt" for the purposes of calculating overtime compensation. However, because you were paid on a salary basis, your salary paid you in full for all the straight hours you worked. As a salaried "non-exempt" employee, Naturescape was required to pay you an additional ½ of your regular hourly rate for any hours you worked in a week in excess of 40 hours. Your regular hourly rate is calculated by dividing your salary by the total number hours you worked in the week.

I have reviewed the records provided by Naturescape in regards to your employment. Based on your time and payroll records, Naturescape paid to you all of the overtime required under Wisconsin law (see enclosed spreadsheet).

The second issue that needs to be dealt with is the bonus wages the employer pays to employees during the winter weeks, when there is no work. Employers in Wisconsin are not required to pay bonus wages to employees. For that reason employers have a great deal of latitude in establishing how they want to set up their bonus pay policies. Naturescape has established a policy where they calculate potential bonus wages payable to employees based on the number of hours they work in excess of 40 hours per week.

In your complaint you have argued that Naturescape is banking half of the overtime wages due to you, and paying these banked wages out as bonus wages during weeks there is no work. This misunderstanding of the employers overtime and bonus wage pay policy, is rooted in Naturscape's badly worded policy outlining how this bonus pay is calculated. In addition, it appears that some of the employer's supervisors have done a poor job in explaining how overtime, and the bonus policy work.

ERD-7087-MAD-E (R. 04/2002)          **Wisconsin.gov**                    File Ref:

DEF - 000013

Drogsvld
March 31, 2003
Page 2

In reality, because Naturescape pays you a salary, they have paid to you all the overtime compensation due. In addition, Naturescape can put conditions on how you earn and receive the bonus pay they have calculated you are eligible for. The Unemployment Insurance Division may take issue with Naturescape's position that you should file for unemployment benefits in weeks that you receive bonus pay. However, that that is outside of the scope of this office. If you have specific questions about how this bonus pay may affect your eligibility for unemployment benefits, you should contact that office for specific advice.

This ends my investigation into your complaint. Naturescape will be notified, with a copy of this letter, that the case file on this matter is being closed.

Sincerely,
LABOR STANDARDS BUREAU


Steve Laesch
Labor Standards Investigator
(608) 266-7537

cc: Todd Flurry
    President
    Naturescape

DEF - 000014

Department of Workforce Development
Equal Rights Division
201 E. Washington Ave., Room A300
P.O. Box 8928
Madison, WI 53708-8928
Telephone: (608) 266-6860
Fax: (608) 267-4592
TTY: (608) 264-8752
e-mail: dwdder@dwd.state.wi.us



State of Wisconsin
Department of Workforce Development
Jim Doyle, Governor
Roberta Gassman, Secretary
Micabll Diaz-Martinez, Esq., Division Administrator

January 3, 2005

Jason Schnur
1031 W. Roberts Ave.
Appleton, WI 54914

Re:    ERD Case #LS200404150

Dear Mr. Schnur:

Enclosed is a copy of the response from NatureScape.

1. <u>Overtime</u>.  The employer has explained the system under which they pay overtime.
I have reviewed the records and it is legal.  I understand that it is confusing in the
handbook where it states they will give you half the overtime now and may give you
half later.  That is really not what is happening.  They are paying you what you have to
receive each payperiod and banking the extra money to pay out during slow times.
This is not money you have legally earned, however, and they can chose not to pay it
to you if they wish.  Please review the records.  After review, if there is additional
overtime you believe you have not been paid for, please let me know.

2. <u>Vacation and holiday</u>.  The employer has submitted a copy of their policy which
states that vacation must be taken as vacation and is not given as compensation at
the end of employment.  Did you have a separate agreement to be paid for vacation
and holiday pay upon separation?  If so, please submit a copy of the agreement to the
Department.

Please submit your response to the Department on or before **January 17, 2005**.  If
nothing is received on or before that date, I will be making a decision based on the
information already submitted to the Department.

Sincerely,
LABOR STANDARDS BUREAU


Timara Budack
Labor Standards Investigator
608-267-2495


pc:    Todd Furry


ERD-7087-MAD-E (R. 11/2003)          http://www.dwd.state.wi.us/                    File Ref:


DEF - 000015

**Jim Doyle**
Governor

**Roberta Gassman**
Secretary

**Micahil Diaz-Martinez,**
**Esq.**
Division Administrator



**State of Wisconsin**
**Department of Workforce Development**

EQUAL RIGHTS DIVISION
Labor Standards Bureau
1802 Appleton Road
Menasha, WI 54952
Phone: (920) 832-4949
FAX: (920) 832-5296

March 28, 2005

Raymond Victor
1102 N. Mason St.
Appleton, WI 54914

Re: Case #LS 2005 00691, Raymond Victor v. Naturescape Lawn Care

Dear Mr. Victor:

Your wage complaint has been reviewed. You state that you feel you have overtime coming as well as bonus pay. Enclosed please find a copy of the response and your time records submitted by your former employer.

The method that the employer uses for the computation of a salaried non exempt employee is correct. We have had several complaints over the years, such as yours, but they have been dismissed because the employer is paying overtime in accordance with the overtime law.

When paying on a salary basis, as long as the employer never deducts for partially worked weeks, it is legal for them to pay in this way. Your base salary covers all of your full time work hours – and the extra ½ time pay is for the extra "half time" for hours worked in *excess* of 40 each week. The employer is required to pay the ½ time rate – they are not required to bank another "half time" amount for future payment. This employer does that as an added bonus, however he is not required by law to do that. Since he is not required to pay the other "bonus" ½ time, he can attach any strings or conditions to it that he wants to, such as "It's not for people who don't work here".

This part of the overtime law can be confusing, and I hope I have explained it for you. Please feel free to call me should you have any questions. Since you have no overtime coming, this file has been closed.

Sincerely,

Colleen M. Flanagan
Labor Standards Investigator

CF

ERD-7087-MEN-E (R. 07/96)

DEF - 000016

Department of Workforce Development
Equal Rights Division
P.O. Box 8928
Madison, WI 53708-8928
Telephone: (608) 266-6860
Fax: (608) 267-4592
TTY: (608) 264-8752
e-mail: erinfo@dwd.state.wi.us

State of Wisconsin
Department of Workforce Development
Jim Doyle, Governor
Roberta Gassman, Secretary
Lucía Nuñez, Division Administrator

January 31, 2006

Andrew Czechanski
414 ½ 12th St.
Neenah, WI 54956

RE: ERD Case # 200504132

Dear Mr. Czechanski,

Thank you the response that you forwarded to me concerning your complaint for unpaid wages against Naturescape. I have reviewed all of the information provided by both sides in this matter. The following letter outlines my decision concerning your complaint.

In your complainant you have claimed that Naturescape is indebted for unpaid wage. The facts surrounding this mater do not support your position. Naturescape correctly classified you as an employee who is not exempt from the payment of overtime. However, both you and Naturescape agree that they paid you on a salary basis. As a salaried non- exempt employee, the amount of overtime due to you is calculated differently than that of a regular hourly employee.

The definition of a salary is a regular fixed payment regardless of the number of hours worked. As such, your salary paid you in full for all the straight time wages due to you, regardless of the number of hours you worked. The only additional compensation due is the half time rate for each hour you worked in excess of 40 hours per week. You agree that Naturescape did pay you this additional overtime rate with your regular payroll.

The question you have raised is the other half of the overtime referenced in the employers wage policies. This additional compensation is not overtime wages. Instead, this is bonus wages paid by the employer that are not required by the state. This office has had numerous complaints involving Naturescape regarding this issue.

I have to assume that Naturescape enjoys creating confusion among its employees; having complaints filed against them with the State of Wisconsin, and providing this office with responses and documentation concerning these complaints. I come to this conclusion because they refuse to alter their payroll policy to clearly document this compensation as bonus wages, not overtime. The fact of this matter remains, that the pay in question is bonus wages, not overtime as indicated in the employer's policy. Naturescape agrees to provide employees with these bonus wages during the off season. The bonus wages are calculated as an amount equal to the number of hours of overtime an employee works in a season multiplied by half their calculated hourly rate. Again, this is not overtime pay as defined under Wisconsin statute and code. It would be very simply for Naturescape to resolve this problem. All they need to do is identify this compensation in their policy for what it is, a bonus wage, and take out their references to it as overtime compensation.

Andrew Czechanski
January 31, 2006
Page 2

Based on my review of this matter, you have received full payment of the overtime wages due to you under Wisconsin law. The corresponding bonus wage claim will be considered with the rest of this decision.

The additional wages you have sought include the end of the year bonus paid to employees based on the number of hours of overtime worked; a quarterly bonus in the amount of $460.00; vacation and holiday wages.

Employers in the State of Wisconsin are not legally required to provide bonus wages, vacation, or holiday pay to their employees. Therefore, because these are benefits provided by the employer, the State must allow an employer to set restrictions on payment of these wages if they want. In this case, Naturescape has clear policies outlying the payment of these benefits. In order to receive bonus wages you must be employed at the time the bonus is paid. For vacation wages (including holiday pay) you must be a currently employee. Payment of these benefits is not made if you separate employment.

Based on the policies established by Naturescape you are not eligible for the payment of the bonuses or leave pay you have questioned. You were not eligible for the bonus wages because you were not employed at he time the bonuses were paid. You were not eligible for the leave pay you have claimed because your employment was separated before this time could be used. As such, it is my decision that you are not entitled to the compensation you have sought for these benefits.

This ends the department's investigation into your complaint. If you dispute my decision in this matter you retain the right to pursue your complaint, on your own, in court.

Sincerely,
LABOR STANDARDS BUREAU

Steve Laesch
Labor Standards Investigator
(608) 266-7537

cc:  Todd Fury
     President
     Naturescape
     W12601 Janesville Rd.
     Muskego, WI 53150

DEF - 000018

artment of Workforce Development
.l. Rights Division
͏N. 6th Street, Rm. 255
Milwaukee, WI 53203-1687
Telephone:   (414) 227-4384
Fax:            (414) 227-4084
TTY:           (414) 227-4081

State of Wisconsin
Department of Workforce Development
Jim Doyle, Governor
Roberta Gassman, Secretary
Jennifer Ortiz, Division Administrator

January 15, 2008

Robert Nelson
3235 S. Landl Lane #103
Milwaukee WI 53227

RE: LS 2007 03511

Dear Mr. Nelson:

I have received the enclosed response to your Labor Standards complaint involving
NatureScape. Mr. Furry has explained how you were paid and it appears that you were paid in
full.

He explains that you were paid $1160.00 bi-weekly or $580 a week. For the pay period of
8/18/07 to 8/25/07 you only worked one week for $580.00 plus 9.25 overtime hours at
$7.25/hour or $67.06 for a total of $647.06 gross.

During the pay period of 8/26/07-9/8/07 you worked 2 weeks for a salary of $1160.00 and
combined 22.35 hours of overtime which at $7.25/hour comes to $162.03 or a total of $1321.31.
According to these calculations, you were paid in full.

Your Labor Standards Complaint cited unpaid wages and deductions from wages. We have
established that you did sign an agreement stating that you would pay for a portion of the
damages and it has been shown that you were paid in full. Unless I hear from you otherwise,
this concludes the investigation of your complaint and I am closing your file.

Sincerely,
LABOR STANDARDS BUREAU

Diane Tadych
Labor Standards Investigator
(414) 227-4578

C: Employer

ERD-7087-MLD-E (R. 05/26/2005          http:/dwd.wisconson.gov/er/

DEF - 000019

Department of Workforce Development
Equal Rights Division
P.O. Box 8928
Madison, WI 53708-8928
Telephone:    (608) 266-6860
Fax:              (608) 267-4592
TTY:             (608) 264-8752



State of Wisconsin
Department of Workforce Development
Jim Doyle, Governor
Roberta Gassman, Secretary
Jennifer A. Ortiz, Division Administrator

October 2, 2008

Regan Riehl
2021 Deckner Ave #608
Green Bay, WI 54302

Re: ERD Case #LS200802938

Dear Mr. Riehl:

Enclosed is a copy of the response I received from Todd Furry of Naturescape regarding the above-referenced wage complaint.

According to the employer, you are not owed any additional money. Mr. Furry states your last day of work was August 5, 2008 and was paid through the week ending August 9, 2008. He states you did not work on August 12, 2008. Do you have any documentation which would illustrate you did work on August 12, 2008? If so, please provide me a copy of such documentation. Please also describe the work you performed on August 12, 2008.

In regards to the overtime hours, the pay schedule for salaried employees states, employees are paid 1/26th of their annual salary bi-weekly. Our office has received similar complaints regarding this very same issue before. If employees work more than 40 hours per week, they are paid an additional half their hourly wage. The State of Wisconsin's overtime law, as it relates to salaried employees, requires employers to pay an additional ½ their regular rate of pay for overtime hours. The "regular rate" is an hourly rate that will change for a salaried employees based upon the number of hours worked in a week. Since salary constitutes wages at straight time for all hours worked, the employer owes an additional half time for hours in excess of 40 in a week.

According to NatureScape's policy, employees are paid the regular rate of pay with their annual salary, plus the half of their hourly wage for hours of overtime worked. This fulfills the requirements of the State of Wisconsin's laws.

The other half that is banked toward slower times or lay off would equal double time pay, instead of time and one-half, since you have already been paid time and one half for the hours worked over 40. Since Wisconsin laws do not require employers to pay out the other half, as that would equal to double time pay (2 times the regular rate of pay).

ERD-7087-MAD-E (R. 04/24/2006)          http://dwd.wisconsin.gov/er/

October 2, 2008
Page 2

NatureScape's policy also states that the employer reserves the right to not award employees the unpaid overtime due to termination or resignation. Therefore, the company is not in violation of not paying the extra banked hours.

Your **WRITTEN** response regarding your last day of employment is due back in my office on or before **October 13, 2008**. In the absence of documentation which would illustrate you worked beyond October 9, 2008, it will be my determination that NatureScape does not owe you any additional pay. Your case will be closed at that time.

Sincerely,
LABOR STANDARDS BUREAU

Kim McPeak
Labor Standards Investigator
608-261-4894

Enclosure

Cc: Employer
    File

DEF - 000021

Department of Workforce Development
Equal Rights Division
819 N. 6th Street, Rm. 255
Milwaukee, WI 53203-1687
Telephone:  (414) 227-4384
Fax:           (414) 227-4084
TTY:          (414) 227-4081

State of Wisconsin
Department of Workforce Development
Jim Doyle, Governor
Roberta Gassman, Secretary
Jennifer A. Ortiz, Division Administrator

July 20, 2010

Troy Tylinski
3311 Eau Claire Av
Weston WI 54476



RE: LS 201001373

Dear Mr. Tylinski:

Enclosed is a copy of the response supplied by your former employer, NatureScape.  Based upon the employer's submission, it does not appear that you are due any additional pay.

When the claim of a complainant is disputed, as in this case, the burden of proving the claim falls back on the complainant. If you disagree with this decision you would have to supply me with additional written documentation to support your position, for example, a alternative contemporaneous time documents, or other documents proving your position and disproving the statement submitted by the employer.

If you wish to submit additional material it must be in writing and in my office no later than August 2, 2010 to be considered. Otherwise I will close your case as invalid at that time.

Sincerely,
LABOR STANDARDS BUREAU

Pamela Fullerton
Labor Standards Investigator
(414) 227-4585

Cc:Employer

ERD-7087-MLD-E (R. 04/24/2006)          http://dwd.wisconsin.gov/er/

DEF - 000022