UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cory Soderberg, Adam Klym, Joe Jadoonath, Nathan Ostlund, and Ryan Rud, on behalf of themselves and all others similarly situated, | Civil No. 10-3429 (PAM/JJG) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Naturescape, Inc., | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion to Certify Conditional Class Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. For the reasons that follow, Plaintiffs' Motion is granted.

**BACKGROUND**

Plaintiffs are former employees of Defendant Naturescape, Inc., a lawn care service provider with a principal place of business in Wisconsin that maintains 24 branches in six states. Plaintiffs worked as "branch managers" and "lawn specialists" for Naturescape and claim to be non-exempt laborers for the purposes of FLSA. Thus, Plaintiffs assert, "they were all entitled to receive traditional overtime compensation." (Pls.' Supp. Mem. at 3.)

Plaintiffs contend that Naturescape's pay plan deprived them of full overtime wages. Essentially, Plaintiffs state that they did not have a fixed salary for each hour worked during a work week plus an overtime premium as required by FLSA. Rather, for each week

Plaintiffs worked, Naturescape would pay them their regular hourly rate multiplied by 40. If Plaintiffs worked more than 40 hours in a week, Naturescape would pay them one-half of their regular hourly rate for each overtime hour, plus the right to receive future bonus payments out of a corporate-run "bank." Bank payments were calculated as one-half of an employees' regular hourly rate for each overtime hour worked. Plaintiffs also contend that Naturescape tendered other types of compensation as well, including various bonuses and vacation time.

Plaintiffs Soderberg and Jadoonath state that Naturescape never factored their bonus payments into their regular hourly rates for the purpose of calculating overtime payments. All Plaintiffs claim to have been covered under the same pay plan, and thus assert similar injuries. Further, Plaintiffs state that putative class members include several salaried, non-exempt former branch managers and lawn specialists who have expressed their desire to join the lawsuit. Naturescape disputes this contention.

Plaintiffs filed their Complaint on August 12, 2010. The pretrial scheduling order was issued on October 21, 2010, with an amended version being released just four days later. The deadlines contained therein included a deadline to file motions to amend pleadings and add parties of December 1, 2010, a non-dispositive motion and discovery deadline of August 1, 2011, a dispositive motion deadline of October 1, 2011, and a trial-ready date of December 1, 2011. (Order of Oct. 25, 2010 (Docket No. 9).)

Following the issuance of this order, the parties engaged in discovery. Discovery has advanced significantly to date; indeed, Plaintiffs claim that they have only the following

discovery requests pending: deposing Naturescape's president; the Rule 30(b)(6) deposition of Naturescape; Plaintiffs' First Requests for Admissions; and Plaintiffs' Second Set of Interrogatories. Naturescape, however, states that it "presently has no intention to conduct any further discovery except for the possible deposition of Plaintiffs' expert witness." (Def.'s Opp'n Mem. at 3 (citing Tarara Aff. ¶ 8).) Plaintiffs filed the instant Motion on May 4, 2011, seeking conditional class certification under FLSA.

## DISCUSSION

FLSA contemplates collective actions when it states that "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Yet "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing . . . ." Id. Thus, a "class" under FLSA is not the same as a class certified under Federal Rule of Civil Procedure 23. See Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1163 (D. Minn. 2007) (Kyle, J.).

Because FLSA requires putative class members to affirmatively "opt-in," the Court may not only authorize but also facilitate the transmission of notice. But the Court may only do so if plaintiffs "first show that they are 'similarly situated to the employees whom they seek to represent.'" Id. (quoting Mares v. Caesars Entm't, Inc., No. 4:06-cv-0060, 2007 WL 118877, at *2 (S.D. Ind. Jan. 10, 2007)). Unfortunately, FLSA does not define "similarly situated," so courts have adopted a two-stage process for determining whether a collective

action is appropriate under that standard:

> At the initial stage, the court determines whether the class should be conditionally certified for notification and discovery purposes. At this conditional certification stage, the plaintiffs need only come forward with evidence establishing a colorable basis for their claim that the putative class members were together the victims of a single decision, policy, or plan. . . . At the second stage . . . the court uses a stricter standard for determining whether the putative class members are similarly situated and reconsiders whether the trial should proceed collectively or if it should be severed.

Thompson v. Speedway SuperAmerica LLC, No. 08-1107, 2009 WL 130069, at *5 (D. Minn. 2009) (Schiltz, J.) (citations and internal quotation marks omitted). "[T]he second stage occurs after discovery, usually when the defendant moves to decertify the class." Lyons v. Ameriprise Fin., Inc., No. 10-503, 2010 WL 3733565, at *2 (D. Minn. Sept. 20, 2010) (Kyle, J.) (citation omitted).

**A.     Lenient or Strict Standard**

Plaintiffs assert that this case is still in the initial stage, their burden is "not onerous," Parker, 492 F. Supp. 2d at 1164 (citations omitted), and thus that the Court should grant their Motion. Naturescape contends that, because discovery has been largely accomplished and the established deadline is fast approaching, the case is no longer in the initial stage, and thus Plaintiffs' Motion must be denied. There is, however, no caselaw construing an exact delineation of where the initial stage ends and the second stage begins.

Indeed, there is no confluence of opinion even in this very district. Judge Schiltz has stated that the second stage occurs after discovery has closed. Thompson, 2009 WL 1130069, at *5; see also West v. Border Foods, Inc., No. 05-2525, 2006 WL 1892527, at *2

(D. Minn. July 10, 2006) (Frank, J.) (stating that the second stage "comes after discovery is completed"). Yet Judge Kyle has concluded that the second stage may begin "'after discovery is largely complete and the matter is ready for trial.'" Parker, 492 F. Supp. 2d at 1164 (quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). Thus, the point at which the initial stage gives way to the second stage cannot be measured by the proximity to the discovery deadline. Rather, as intimated above, the type of motion that is brought signals the commencement of each of the so-called "stages." The Court thus finds that a plaintiff's motion for conditional class certification signals the beginning of the initial stage, and the defendant's subsequent motion to decertify the class signals the beginning of the second stage.

It is therefore obvious that this Motion triggered the beginning of the initial stage. But it is not a foregone conclusion that the Court should apply the less onerous standard. Indeed, "[u]nder certain circumstances, courts impose the more stringent standard at the initial stage. In those cases, there has already been 'extensive discovery' or a significant number of potential plaintiffs have already filed consent forms to join the lawsuit." In re RBC Dain Rauscher Overtime Litig., 703 F. Supp. 2d 910, 964 (D. Minn. 2010) (Tunheim, J.) (quoting Kalish v. High Tech Inst., Inc., No. 04-1440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005) (Tunheim, J.))).

With the discovery deadline looming, and all outstanding requests due to be answered within another month, it was this Court's intent to apply the more stringent standard to Plaintiffs' Motion. Plaintiffs have waited an inordinate amount of time to bring this Motion;

it should have been brought at the outset of discovery. Indeed, the point of conditional certification is to allow the parties to engage in discovery with an eye toward whether a case is worthy of class-action status. The Court is particularly concerned about plaintiffs in future cases waiting until the close of discovery to move for conditional class certification, thus prolonging litigation and forcing the Court to extend the pre-trial deadlines.

In this case, however, the Court recognizes the fact that discovery has not yet been completed concerning the identities of and contact information for putative class members. Additionally, the Court's concerns are assuaged by Plaintiffs' counsel's assurance at oral argument that notice to putative class members, if allowed by the Court, would be effected in short order. Thus, after further consideration, the Court believes that fairness dictates the application of the lenient standard at the initial stage.

**B.    Similarly Situated**

"At this conditional certification stage, the plaintiffs need only come forward with evidence establishing a colorable basis for their claim that the putative class members were together the victims of a single decision, policy, or plan." Thompson, 2009 WL 130069, at *5. "'The [C]ourt does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage.'" Burch v. Qwest Commc'ns Int'l, Inc., 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007) (Davis, J.) (quoting Dege v. Hutchinson Tech., Inc., No. 06-3754, 2007 WL 586787, at *1 (D. Minn. Feb. 22, 2007) (Frank, J.)). Nevertheless, "[a] colorable basis means that [Plaintiffs] must come forward with something more than the mere averments in [their] [C]omplaint in support of [their]

claim." Severtson v. Phillips Beverage Co., 141 F.R.D. 276, 278-79 (D. Minn. 1992) (Alsop, J.).

In this case, Plaintiffs allege that Naturescape's payment policy violates the fluctuating workweek method allowable under FLSA. Plaintiffs state that, regardless of any differences in their job descriptions, employees who fell under this single plan were all underpaid on overtime wages. Naturescape counters that, because Plaintiffs' job descriptions and responsibilities were so different, and because at least two state governments approved its payment plan,[1] Plaintiffs cannot show that they are similarly situated to each other or to putative class members.

Disparate job responsibilities and different locations, as well as variations in overtime hours, are germane to whether Plaintiffs and putative class members are similarly situated. Yet "'Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.'" Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (quoting Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)); see also Burch, 500 F. Supp. 2d at 1187 ("Plaintiffs are not required to provide evidence showing [defendant's] illegal practice at every location or that Plaintiffs are identically situated to putative class members in all respects.").

---

[1] Naturescape repeats the argument that both the Wisconsin Department of Workforce Development and the Illinois Department of Labor found its pay policy to be valid several times in its opposition brief. The Court will not address this argument, however, because these findings were in relation to the respective states' laws, not FLSA. (See Furry Aff. Exs. A, B.)

7

Plaintiffs have adequately demonstrated similarity at this initial stage. Although branch managers have more responsibility than lawn specialists, it is undisputed that both types of employees perform lawn care services. Further, and most importantly, Naturescape admits that it used the same formula for bonus pay calculations for both branch managers and lawn specialists. (Ans. ¶ 22.) The Court thus holds that Plaintiffs have established a colorable basis for their claim that they are similarly situated to putative class members.

## C.    Interest of Putative Class Members

In addition to demonstrating that they are similarly situated to putative members, Plaintiffs also must show "that there are other employees who desire to opt in." Lyons, 2010 WL 3733565, at *4 (citations omitted). Naturescape argues that Plaintiffs have not made such a showing, and thus the Court must refuse to conditionally certify the class. Plaintiffs contend that, because FLSA conditional class actions have been certified at the initial stage with as few as two plaintiffs, they are not required to put forth further evidence of other putative class members.

Indeed, in Parker, Judge Kyle stated that "[i]f, for example, eight employees together were to commence an FLSA action, it might be unnecessary to show that others desire to opt in to the litigation, since the sheer number of plaintiffs, standing alone, could render the case 'appropriate' for collective-action status." Parker, 492 F. Supp. 2d at 1165 n.4. Judge Kyle refrained from "draw[ing] a precise numerical line delineating when [conditional certification is proper]," however, because only two plaintiffs had been joined in Parker—a number that he found to be clearly "insufficient." Id.

In another case, Judge Tunheim found that, where ten former employees joined a suit, plaintiffs demonstrated that the action was appropriate for collective-action treatment "even though they [did] not proffer[] any evidence that any similarly situated individuals wish to opt in to the litigation." In re RBC, 703 F. Supp. 2d at 965. In the same order, Judge Tunheim dismissed six of the employees for other reasons, leaving only four plaintiffs, but nevertheless found convincing the fact that ten employees sought to join in the first place. Id.

It is certainly true that averring "the mere existence of other similarly situated persons" is insufficient, "because there is no guarantee that those persons will actually seek to join the lawsuit." Parker, 492 F. Supp. 2d at 1165. But there are five named Plaintiffs in this case. Further, a putative class member filed a declaration on the eve of oral argument, stating his desire to opt-in. (Oman Decl. at 1.) Given that six individuals desire to go forward with this action, and the likelihood that others will be found once discovery is complete on putative class members' identities, the Court finds the case appropriate for collective-action status at this stage.

**D.     Judicial Notice**

Finally, the Court notes that it has "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . ." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). Indeed, putative class members would be harmed were they not to "receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make

9

informed decisions about whether to participate." Id. at 170. Thus, "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Id. at 170-71.

This putative class is undoubtedly spread out over a broad geographic area. Further, as mentioned above, the Court has concerns about undue delay and the extension of pre-trial deadlines. Therefore, the Court will exercise its authority to facilitate notice in this case. Naturescape opposes divulging all of the putative class members' personal information Plaintiffs request, and objects to the substance of the proposed notice and its multiple delivery methods. The Court notes, however, that many of Naturescape's objections are relatively minor and believes that the parties can work together to overcome these differences. To that end, the Court will afford the parties an opportunity to reach an agreement before it rules on the personal information to be divulged, and the substance and method of delivery of the notices.

**CONCLUSION**

Conditional class certification is appropriate at this stage of the case. The Court will facilitate notice once the parties have an opportunity to come to an agreement on the substance and delivery method of that notice, and the personal information to be provided by Naturescape. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion to Certify Conditional Class Under the FLSA (Docket No. 14) is **GRANTED**; and

2. The Court shall determine the extent of the putative class members' personal information to be divulged by Defendant, the substance of the notice, and the method of delivery in **TEN (10) DAYS from the date of this Order** unless the parties have stipulated to these issues by that time.

Dated: <u>Monday, June 20, 2011</u>

<i>s/ Paul A. Magnuson</i><br>
Paul A. Magnuson<br>
United States District Court Judge